ORDER

PER CURIAM.
Frank Buckley, Jr. responds to this court’s order directing him to show cause why his appeal should not be dismissed as untimely filed.
Buckley argues that his appeal was timely “served,” i.e., placed in the mail by the due date. However, unlike documents whose due date is determined by the date of service (such as a brief), a notice of appeal must be “filed” by the due date. A notice of appeal from a decision of the Court of Appeals for Veterans Claims is filed when it is received by the lower court. 38 U.S.C. § 7292; Fed. R.App. P. 4.
The time limit for filing a notice of appeal is jurisdictional. See Bowles v. Russell, 551 U.S. -, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (timely filing of notice of appeal in civil case is jurisdictional requirement); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (“It is well settled that the requirement of a timely notice of appeal is ‘mandatory and jurisdictional.’ ” (citation omitted)). Thus, Buckley’s failure to file timely a notice of appeal may not be waived. See Oja v. Army, 405 F.3d 1349, 1358 (Fed.Cir.2005) (time provisions of Fed. R.App. P. 4(a) are not subject to equitable tolling). Because Buckley’s notice of appeal was received by the Court of Appeals for Veterans Claims 62 days after the entry of judgment, the appeal must be dismissed as untimely filed.
Accordingly,
IT IS ORDERED THAT:
(1) The appeal is dismissed as untimely filed.
(2) Each side shall bear its own costs.